IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

T-MOBILE CENTRAL, LLC, as
Successor in interest to VOICESTREAM
KANSAS CITY, INC. d/b/a T-MOBILE

       Plaintiff,

v.                                              Case No. 06-2313-DJW

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS

       Defendant.

## O R D E R

Pending before the Court is Defendant's Motion to Suspend Execution of Final Judgment and Grant of Injunctive Relief Pending Appeal (doc 37). For the reasons stated below, Defendant's Motion will be granted.

**A.**     **Introduction**

Plaintiff brought an action for declaratory, injunctive and mandamus relief pursuant to the Federal Telecommunications Act. On September 28, 2007, the Court granted summary judgment in favor of Plaintiff, holding that denial of Plaintiff's application for Special Use Permit SP-2005-45 was not supported by substantial evidence and that the denial had the effect of prohibiting the provision of personal wireless service in violation of the Telecommunications Act.[1] A final Judgment and Order was entered on October 16, 2007, directing Defendant to approve Plaintiff's application for Special Use Permit SP-2005-45 within 30 days.

---

[1] 47 U.S.C. § 332(c)(7)(B)(iii) and 47 U.S.C. § 332(c)(7)(B)(i)(II).

Defendant has appealed the final Order and Judgment and requests the Court, pursuant to F.R.C.P. 62(c), suspend execution of the final Order and Judgment and suspend the grant of injunction in favor of Plaintiff pending appeal.

**B.**     **Standard for Motion to Stay Execution of Judgment and Injunction**

Federal Rule of Civil Procedure 62(c) states in relevant part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.[2]

A four-part test is used to determine whether or not to grant an applicant a suspension of injunctive relief pending appeal under F.R.C.P. 62(c).[3]  This test requires that the applicant (1) demonstrate its strong position on the merits of the appeal; (2) demonstrate irreparable injury if the suspension is denied; (3) show that a suspension would not substantially harm other parties to the litigation; and (4) show that the public interest favors a suspension.[4]

**1.**     **Merits of the Appeal**

Although this Court held that substantial evidence did not exist for the denial of the special use permit, the Court recognized that on at least two questions of law, circuits were split and there was no binding precedent from the Tenth Circuit.  Given these unresolved questions of law, the Court finds the appeal has sufficient merit for purposes of the first *Dutton* prong.

---

[2] Fed. R. Civ. P. 62(c).

[3] *Dutton v. Johnson County Bd. of County Comm'rs*, 884 F.Supp. 431, 433 (D. Kan.1995).

[4] *Id.* (citations omitted).

**2.     Irreparable Injury**

Construction of a 120 foot telecommunications tower, if allowed to proceed pending an appeal, could not easily be undone if the decision is reversed, and would cause irreparable injury in terms of the time and resources involved by city personal during a potentially unnecessary construction and dismantling process.

**3.     Substantial Harm**

While the parties disagree over the proper conclusions to be drawn from the coverage statistics, it was uncontroverted that some coverage exists in the area proposed to be served by the telecommunications tower, and Plaintiff's own figures indicated 280 minutes of use per dropped call. This coverage will continue to exist pending appeal.

**4.     Public Interest**

Once the 120 foot tower is constructed, it could not be easily dismantled if the Tenth Circuit were to rule in favor of Defendant. The time and resources of both parties would be wasted, and such action would likely lead to confusion and frustration among the general public. As a matter of policy, the public interest is best served by only performing the construction of structures such as telecommunication towers one time.

**C.     Posting a Bond**

Plaintiff requests that, if the Court is inclined to grant a stay of execution pending appeal, the Court should order Defendant to post a bond in the amount of $209,250.00 "to protect T-Mobile from lost revenues and increased construction costs due to appellate delay."

The purpose of posting a bond pending appeal is to "ensure that the judgment creditor is

secured from losses which may result from a stay."[5] The court may, in its discretion, waive the posting of the bond.[6] Courts usually consider five factors, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether Defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether Defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of Defendant in an insecure position.[7]

Plaintiff's motion, however, presents a question of law distinct from the usual five-step analysis. If the judgment is suspended pending appeal and the decision ultimately upheld, the question becomes whether Plaintiff will be entitled to damages for any lost revenues and/or increased construction costs due to "appellate delay." Plaintiff cites no precedent for such damages and the Court finds determination of such an issue is premature at this juncture. For these reasons, the Court denies Plaintiff's request to have Defendant post a bond for any damages that may be incurred for lost revenues and/or increased construction costs due to "appellate delay."

Accordingly, it is hereby ordered that Defendant's Motion to Suspend Execution of Final Judgment and Grant of Injunctive Relief Pending Appeal (doc 37) is granted and Plaintiff's request to have Defendant post a bond is denied.

IT IS SO ORDERED.

---

[5] *Dutton*, 884 F.Supp. at 435 (citing *Lamon v. City of Shawnee, Kan.*, 758 F.Supp. 654, 656 (D. Kan.1991), *rev'd in part on other grounds*, 972 F.2d 1145 (10th Cir.1992)).

[6] *Id.* (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988)).

[7] *Id.* (citing *Dillon*, 866 F.2d at 904-05).

Dated in Kansas City, Kansas on this 26th day of November, 2007.

                                                  s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc:     All counsel and *pro se* parties